# Exhibit "A"

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement"), is made this ___ day of January 2016, by and between Christopher Moser (the "Trustee"), as trustee and representative of the bankruptcy estate of CarOffer, LLC ("CarOffer"), on the one hand, and Pearl Technology Holdings, LLC ("Pearl"), on the other hand (collectively referred herein as the "Parties");

**WHEREAS**, on or about June 4, 2015, CarOffer filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas, Case No. 15-41038 (the "Bankruptcy Action");

**WHEREAS**, on or about June 4, 2015, by operation of 11 U.S.C. § 362, CarOffer was stayed from further litigation in multiple class action lawsuits, including: (1) *Casey Blotzer v. CarOffer, LLC*, Case No. SACV 15-00095 JVS (ANx), in the United States District Court for the Central District of California, in which the class action plaintiff seeks statutory damages against CarOffer for alleged violations of the Telephone Consumer Protection Act ("TCPA"), and (2) *Victor Zilberman v. CarOffer, LLC and Pearl Technology Holdings, LLC*, Case No. 4:15-CV-00589-ALM, in the United States District Court for the Eastern District of Texas, in which the class action plaintiff seeks statutory damages against CarOffer and Pearl for alleged violations of the TCPA (collectively, the "TCPA Lawsuits");

**WHEREAS**, on September 28, 2015, Casey Blotzer, individually and behalf of others similarly situated, filed a Proof of Claim against CarOffer's bankruptcy estate seeking to recover $5 million in damages based on CarOffer's alleged violation of the TCPA; and on September 29, 2015, Michael Reynolds filed a Proof of Claim against CarOffer's bankruptcy estate seeking to recover $12,000 in damages based on CarOffer's alleged violation of the TCPA (collectively, the "Bankruptcy Claims");

**WHEREAS**, the Trustee has sought to identify, gather, and obtain control of all assets and funds to which CarOffer has a claim of ownership; and the Trustee has also investigated whether any third parties may be civilly liable to CarOffer, CarOffer's bankruptcy estate, or the creditors of CarOffer's bankruptcy estate; in furtherance of these efforts, the Trustee investigated whether to file any legal claims against Pearl, its managers, officers, agents, or representatives for avoidance of fraudulent transfer, avoidance of preferential transfer, alter ego liability, liability based on single business enterprise and/or any other piercing of the corporate veil theories and other potential claims;

**WHEREAS**, the Trustee and Pearl, attempting to avoid unnecessary expense and the risks associated with litigation, wish to resolve any and all legal claims that CarOffer, CarOffer's bankruptcy estate, the creditors of CarOffer's bankruptcy estate, or the Trustee have, or may ever have had, against Pearl, its managers, officers, agents, or representatives;

**WHEREAS**, the Parties have negotiated and reached an amicable resolution of all claims and disputes between them, whether arising before or during the pendency of the Bankruptcy Action.

**NOW, THEREFORE**, in consideration of the promises, agreements, covenants, representations, and obligations herein contained, and for such other good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Acknowledgment of Settlement.** The Parties acknowledge that the consideration set forth in this Agreement, which includes but is not limited to the Settlement Payment described in Paragraph 2 herein, is in full settlement of all disputes, claims, or losses of whatsoever kind or character that the Trustee has, or may ever have had, against Pearl, its managers, officers, agents, or representatives, including but not limited to claims for fraudulent transfer, preferential transfer, alter ego liability, single enterprise liability and/or any other piercing the corporate veil theories.

The Parties have agreed to settle fully and finally, without any admission of fault or liability, all differences between Pearl and CarOffer arising out of or related to the TCPA Lawsuits, the Bankruptcy Claims, Pearl's relationship with CarOffer (including claims based on alter ego, single business enterprise and/or any other piercing the corporate veil theories, Pearl's loans and other business dealings with CarOffer, any purported misuse of CarOffer by Pearl, and/or any other disputes or claims, known or unknown, that exist or may have existed between the Trustee/CarOffer and Pearl as of the Effective Date of the Agreement.

The Trustee acknowledges that by signing this Agreement and accepting the consideration provided herein and the benefits of it, the Trustee is giving up forever any right to seek further monetary or other relief from Pearl for any acts or omissions up to and including the Effective Date of the Agreement.

2. **Payment by Pearl to Trustee.** In consideration of the Trustee's promises and agreements as set forth herein, Pearl will cause one check to be issued for TWENTY THOUSAND DOLLARS ($20,000.00) made payable to the order of Christopher Moser, Client-Trust Account, QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C., 2001 Bryan Street Suite 1800, Dallas, Texas 75201 (collectively, the "Settlement Payment"), as compensation for Trustee's promise/agreement not to bring any claim against Pearl for relief of any kind (including injunctive relief) or damages of any sort (including compensatory damages, liquidated damages, punitive damages, costs, and attorneys' fees) based on the claims released herein. Within 10 business days after the Trustee delivers the fully-executed Agreement to Pearl's counsel, Pearl or its respective agents will deliver the Settlement Payment to the Trustee.

Nothing in this Agreement is to be construed as legal, tax, or accounting advice. None of the Parties represent that the exchange of assets, promises, money, or other consideration under this Agreement provides any sort of tax benefits or implicates any aspect of federal or state tax codes. The Parties should each consult with a professional advisor concerning specific tax advice or other matters before making any decisions related to this Agreement.

3. **Release.** In consideration of the promises in this Agreement, and in full compromise and settlement of any and all claims, disputes, and causes of action, known or unknown, that CarOffer, CarOffer's bankruptcy estate, or the Trustee may have or previously may have had against Pearl, the Trustee knowingly and voluntarily agrees to irrevocably and unconditionally waive, release, and hold Pearl, its predecessors, successors, direct and indirect

parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys (including the law firm and attorneys/employees of Munck Wilson Mandala, LLP), agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them from all known charges, complaints, claims, grievances, liabilities, obligations, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, expenses (including attorneys' fees and costs actually incurred), and damages, of any nature whatsoever, including but not limited to all claims for breach of contract, negligence, gross negligence, conspiracy, breach of fiduciary duty, actual fraud, constructive fraud, failure to comply with any federal or state law (including, without limitation, the Telephone Consumer Protection Act), conversion, theft, money had and received, avoidance of fraudulent transfer, avoidance of preferential transfer, unjust enrichment, constructive trust, derivative liability, alter ego liability, misuse of the corporate form, piercing the corporate veil, all claims under the Texas Theft Liability Act, the Texas Deceptive Trade Practices Act, Title 11 of the United States Code, Chapter 24 of the Texas Business and Commerce Code, and any and all concomitant state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law. This Agreement includes, without limitation, the release of all claims, causes of action, or disputes arising out of or related to the TCPA Lawsuits, the Bankruptcy Claims, Pearl's relationship with CarOffer, Pearl's loans and other business dealings with CarOffer, any purported misuse of CarOffer by Pearl, and/or any other disputes or claims, known or unknown, that exist or may have existed between the Parties as of the Effective Date of the Agreement.

The Trustee acknowledges that certain of the payments provided for in Paragraph 2 herein constitute good and valuable consideration for the releases contained in Paragraph 3. This Agreement resolves any claim for relief that could have been alleged, no matter how characterized, including, without limitation, statutory damages, compensatory damages, liquidated damages, punitive damages, costs, and attorneys' fees.

4. **Knowing and Voluntary Waiver.** The Trustee, by the free and voluntary act of signing below, acknowledges that CarOffer, CarOffer's bankruptcy estate, the creditors of CarOffer's bankruptcy estate, and the Trustee hereby have agreed to waive and relinquish all rights to contest the enforceability of the release contained in Paragraph 3 under federal and Texas law. The Trustee acknowledges and expressly assumes the risk that new facts may be discovered in a different form, or in addition to, those facts now known or believed to be true with respect to the matters released in Paragraph 3, and the releases so given in Paragraph 3 shall be and remain in effect as full and complete releases of the respective claims and not subject to termination or rescission by reason of any such different or additional facts.

The Parties hereto acknowledge and agree that each Party has reviewed and negotiated the terms and provisions of this Agreement and has contributed to its preparation (with advice of counsel). Accordingly, the rule of construction to the effect that ambiguities are resolved against the drafting Party shall not be employed in the interpretation of this Agreement. Rather, the terms of this Agreement shall be construed fairly as to the Parties hereto and not in favor of or against either Party, regardless of which Party generally was responsible for the preparation of this Agreement.

5.  **Notice of Settlement.** This Agreement shall be effective only upon execution of the Agreement by all parties hereto and the subsequent approval by the Bankruptcy Court for the Eastern District of Texas, Sherman Division. In the event that the Bankruptcy Court or any court to which an appeal of the application for approval may be made shall deny the request for approval, this Agreement shall thereupon be null, void and of no force or effect whatsoever and the above and foregoing payment by Pearl to the Trustee shall be promptly returned to it. Upon Within fourteen (14) days of the Bankruptcy Court's approval of this Settlement Agreement, Trustee shall file a "Notice of Settlement" in the lawsuit Victor Zilberman v. CarOffer, LLC and Pearl Technology Holdings, LLC, Case No. 4:15-CV-00589-ALM, in the United States District Court for the Eastern District of Texas, including, at Trustee's option, this Settlement Agreement, the Bankruptcy Court's Order of approval, and such other relevant documents as Trustee may deem appropriate.

6.  **No Reliance.** The Parties represent and acknowledge that, in executing this Agreement, they do not rely, and have not relied, on any representation(s) by any other Party, except as expressly contained in this Agreement. The Parties also acknowledge the contested and adversarial nature of the claims and underlying disputes, and they stipulate that in executing this Agreement they are relying only on the statements as specifically set forth in this Agreement and their own judgment after conferring with their legal counsel, not on any representation by any other Party or their agents, representatives, or attorneys with regard to: (1) the TCPA Lawsuits; (2) the Bankruptcy Claims; (3) Pearl's relationship with CarOffer; (4) Pearl's loans and other business dealings with CarOffer; (5) any purported misuse of CarOffer by Pearl; (6) any other disputes or claims, known or unknown, that exist or may have existed between the Trustee and Pearl as of the Effective Date of the Agreement; (7) the subject matter or effect of this Agreement; and (8) any other facts or issues which might be deemed material to the decision to enter into this Agreement.

7.  **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by the Parties and is not to be construed as an admission that the Parties engaged in any wrongful, tortious, or unlawful activity. The Parties specifically disclaim and deny that they engaged in any wrongful, tortious, or unlawful activity, or that they have any liability to each other or any third parties.

8.  **No Outstanding or Known Future Claims/Causes of Action.** As further consideration for this Agreement, the Trustee affirms that neither CarOffer nor the Trustee has filed with any governmental agency or court any type of action or report against Pearl with respect to any matter covered by this Agreement, and as of the Effective Date of the Agreement, the Trustee does not know of an existing act or omission by Pearl that may constitute a claim or liability excluded from the releases in this Agreement. Except as required by law, the Trustee agrees that the Trustee will not, from the date of the signing of this Agreement, commence, maintain, initiate, prosecute, cause, encourage, assist, volunteer, advise or cooperate with any other person to commence, maintain, initiate or prosecute, any action, lawsuit, or claim before any court or government agency against Pearl arising from, concerned with, or otherwise relating to, in whole or in part: (i) the TCPA Lawsuits; (ii) the Bankruptcy Claims; (iii) Pearl's relationship with CarOffer; (iv) Pearl's loans and other business dealings with CarOffer; (v) any

purported misuse of CarOffer by Pearl; and/or (vi) any of the matters discharged and released in this Agreement.

9. **Forum and Construction**. The language of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the Parties. The Parties further agree that this Agreement shall be made and interpreted pursuant to the laws of the State of Texas. The Parties expressly understand and agree that any action brought to enforce or relating to this Agreement shall be brought only in the state or federal courts located in Dallas, Texas. The Parties expressly consent to the venue, forum, and personal jurisdiction of the state or federal courts located in Dallas County, Texas for any lawsuit filed there against them arising from or related to this Agreement.

10. **Severability**. Should any of the provisions of this Agreement be rendered invalid by a court or government agency of competent jurisdiction, the remainder of this Agreement shall, to the fullest extent permitted by applicable law, remain in full force and effect.

11. **Entire Agreement**. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter in this Agreement. This Agreement cannot be changed or terminated except in writing, signed by all Parties hereto. In the event of any conflict between this Agreement and any other written agreements regarding the same or similar subject matter, this Agreement shall control.

12. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same instrument.

13. **Authority to Execute Agreement**. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party. The Trustee specifically warrants and represents that he has the authority to sign this Agreement on behalf of CarOffer, CarOffer's bankruptcy estate, and the creditors of CarOffer's bankruptcy estate, to the extent allowed by federal, state, or local law. The Trustee further warrants that he has the authority to settle all claims (including veil piercing claims, single business enterprise claims, and alter ego claims) that could have been brought against Pearl by CarOffer, CarOffer's bankruptcy estate, and/or the creditors of CarOffer's bankruptcy estate. It is further understood and agreed that this Agreement shall be binding upon and inure to the benefit of the Parties, the persons represented by the Parties, and their respective affiliated entities, successors, assigns, and heirs, where appropriate.

14. **Effective Date**. This Agreement is effective on the latest date of execution by the Parties (the "Effective Date").

Intending to be legally bound, the Parties have caused this Agreement to be executed as of the date signed below.

*The remainder of this page is left intentionally blank.*

**PLEASE READ THIS AGREEMENT AND CAREFULLY CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT. THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

My signature below substantiates that I have read the above Settlement and Release Agreement and agree to its terms.

Witness my hand on the 22nd day of February, 2016.

*[signature]*
Christopher Moser
Trustee, for and on behalf of
CarOffer, LLC's bankruptcy estate

STATE OF TEXAS           )

COUNTY OF Dallas         )

Before me, the undersigned Notary Public, on this day personally appeared Christopher Moser, a person known or proved to me to be the person whose name is subscribed to the attached agreement. He acknowledged to me that he executed the attached agreement for purposes and consideration therein expressed.

GIVEN under my hand and seal of office this 22 day of February, 2016.

NITA CHANCELLOR
Notary Public, State of Texas
Comm. Expires 01-09-2019
Notary ID 5162487

*[signature]*
Notary Public in and for
the State of Texas

My commission expires 1-9-2019

My signature below substantiates that I have read the above Settlement and Release Agreement and agree to its terms.

Witness my hand on the 11th day of February, 2016.

_____
David White
CFO and representative of
Pearl Technology Holdings, LLC


STATE OF TEXAS        )

COUNTY OF Collin      )

Before me, the undersigned Notary Public, on this day personally appeared David White, a person known or proved to me to be the person whose name is subscribed to the attached agreement. He acknowledged to me that he executed the attached agreement for purposes and consideration therein expressed.

GIVEN under my hand and seal of office this 11th day of February, 2016.

_____
Notary Public in and for
the State of Texas

My commission expires January 23, 2018

STEFANIE LYN PINAULT
My Commission Expires
January 23, 2018

679442.