IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR ZILBERMAN, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. 4:15-CV-00589-ALM | |
| § | | |
| CAROFFER, LLC, and PEARL § | | |
| TECHNOLOGY HOLDINGS, LLC, § | | |
| § | | |
| *Defendants* § | | |

**PEARL TECHNOLOGY HOLDINGS, LLC'S
RULE 12(B)(6) MOTION TO DISMISS**

Defendant Pearl Technology Holdings, LLC ("Pearl"), by and through its counsel of record, hereby submits this Rule 12(b)(6) Motion to Dismiss,[1] and shows:

## I. INTRODUCTION

The Court should dismiss Plaintiff's claims against Pearl because Plaintiff fails to allege any actionable conduct by Pearl. Indeed, Plaintiff judicially admits that Pearl was not the entity that made the alleged wrongful phone calls giving rise to this lawsuit and, further, that Pearl did not have any employees to make such calls. Because Plaintiff judicially admits that he cannot establish facts to support his claims against Pearl, this lawsuit should be dismissed.

---

[1] Pearl notes that its pleading deadline for filing this Rule 12(b)(6) motion to dismiss is March 1, 2016, based on this Court's February 16, 2016 Order granting Plaintiff's Motion for Leave to File a Second Amended Class Action Complaint. However, on February 17, 2016, this Court ordered Defendant to file the following on or before February 26, 2016: (i) any amended answer; (ii) any motion for summary judgment; and (iii) any expert designations. To avoid any potential waiver of its rights under the Federal Rules of Civil Procedure, Pearl files the instant Rule 12(b)(6) Motion to Dismiss before its deadlines to file a responsive pleading or (amended) answer.

## II. PROCEDURAL BACKGROUND

On October 17, 2014, Plaintiff initiated this lawsuit against RedBumper, LLC ("RedBumper") in the United States Eastern District of New York, and alleged that RedBumper violated the Telephone Consumer Protection Act ("TCPA").[2] On April 28, 2015, Plaintiff voluntarily dismissed his TCPA claim against RedBumper.

On April 28, 2015, Plaintiff refiled the same TCPA claim (the "First Amended Complaint") against two new defendants, CarOffer, LLC ("CarOffer") and Pearl (collectively "Defendants").[3] Shortly thereafter, the Parties agreed to transfer this action to the Eastern District of Texas.[4]

On September 22, 2015, Pearl moved to dismiss the First Amended Complaint on the grounds that Plaintiff failed to allege a direct cause of action against Pearl.[5] Plaintiff filed an opposition brief.

On February 2, 2016, Plaintiff sought leave to file his Second Amended Class Action Complaint (the "Second Amended Complaint") and added a new cause of action against Pearl under Section 399-p, *et seq.*, of the New York General Business Law ("NYGBL")—New York's version of the TCPA.[6] The Court granted Plaintiff's motion for leave and entered the Second

---

[2] Class Action Complaint and Demand for Jury Trial ("Original Compl."), Oct. 17, 2014, ECF No. 1 ¶¶ 1-5.

[3] 1st Am. Class Action Compl. and Demand for Jury Trial ("First Am. Compl."), Apr. 28, 2015, ECF No. 24.

[4] Letter from John Ochoa, counsel for Plaintiff, to Judge Matsumoto, July 6, 2015, ECF No. 30.

[5] Pearl Technology Holdings, LLC's Mot. to Dismiss or in the Alternative (and Subject to) Mot. to Stay Proceedings, Sept. 22, 2015, ECF No. 38.

[6] Pl.'s Mot. for Leave to File a 2d Am. Class Action Compl. *Instanter*, Feb. 2, 2016, ECF No. 57.

Amended Complaint, thus rendering moot Pearl's then-pending motion to dismiss.[7] Plaintiff's live pleading is currently the Second Amended Complaint.[8]

### III. ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

The Second Amended Complaint alleges direct causes of action against Pearl under the TCPA and NYGBL (collectively, the "Telephone Statutes"). Both statutes generally prohibit parties from making unsolicited phone calls. The Second Amended Complaint does not allege any other direct or indirect claims against Pearl.

Plaintiff's allegations indicate that Pearl is not the entity who made the alleged phone calls. Plaintiff specifically asserts:

- "CarOffer [is] the entity that placed the pre-recorded call to Plaintiff."[9]

- "[T]hese pre-recorded calls [were] placed by CarOffer."[10]

- "CarOffer entered into a contract with CallFire specifically for the purposes of placing these pre-recorded phone calls to consumers."[11]

- "Pearl had no paid employees . . . "[12] (thus Pearl had nobody to make any phone calls on behalf of Pearl).

Because Plaintiff indicates that Pearl was not the entity who made the alleged phone calls, Pearl files the instant Rule 12(b)(6) Motion to Dismiss for failure to state a claim.

---

[7] Order, February 16, 2016, ECF No. 65.

[8] 2d Am. Class Action Compl. ("Second Am. Compl."), Feb. 2, 2016, ECF No. 58.

[9] *Id.* ¶ 14.

[10] *Id.* ¶ 33.

[11] *Id.* ¶ 31.

[12] *Id.* ¶ 18.

## IV. ARGUMENT & AUTHORITIES

### A. The Court should dismiss Plaintiff's lawsuit because he does not allege a plausible claim against Pearl.

#### 1. *The Court must dismiss facially-implausible claims.*

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss based on the plaintiff's "failure to state a claim upon which relief may be granted."[13] To withstand a Rule 12(b)(6) motion, a complaint must contain factual allegations, which if accepted as true, "state a claim to relief that is plausible on its face."[14] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[15] A claim has facial plausibility only if the pleaded facts would allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[16] "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"[17] There must be at least a "reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[18]

"Plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] While the Court must accept the plaintiff's factual allegations as true, it is "'not bound

---

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Id.* (quoting *Twombly*, 550 U.S. at 556).

[16] *Id.* at 663; *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' (citations omitted)).

[17] *Harold H Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 679)

[18] *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).

[19] *Twombly*, 550 U.S. at 555 (2007) (citations omitted); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 417 (5th Cir. 2010).

to accept as true a legal conclusion couched as a factual allegation.'"[20] To survive a motion to dismiss, Plaintiff must plead facts sufficient to show that his claims have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief.[21]

### 2. *Plaintiff acknowledges that he lacks a direct cause of action against Pearl.*

The Court should dismiss this action against Pearl because Plaintiff relies on conclusory allegations that are belied by his own factual admissions. To survive dismissal, Plaintiff must allege simply, concisely, and directly events whereby Pearl made phone calls in violation of the Telephone Statutes. But the Second Amended Complaint fails to allege a single instance in which an employee or contractor acting on behalf of Pearl made a phone call to Plaintiff.

Indeed, Plaintiff makes numerous judicial admissions in his pleadings that CarOffer was the entity responsible for placing the alleged phone calls.[22] Plaintiff asserts that CarOffer is "the entity that placed the pre-recorded call to Plaintiff"[23] and reiterates that "these pre-recorded calls [were] placed by CarOffer."[24] Plaintiff further admits that CarOffer was the entity that "entered into a contract with CallFire specifically for the purposes of placing these pre-recorded calls."[25]

---

[20] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

[21] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam) (citing Fed. R. Civ. P. 8).

[22] *See Morales v. Dep't of Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them.").

[23] Second Am. Compl., ECF No. 58, ¶ 14.

[24] *Id.* ¶ 33.

[25] *Id.* ¶ 31.

Plaintiff ultimately acknowledges that Pearl had no employees,[26] thus Pearl could not have made the alleged phone calls.

Plaintiff's judicial admissions in his live pleading are consistent with his admissions from previous pleadings. By way of example, Plaintiff alleged in his original complaint that:

> [T]he call is coming from "**CarOffer.com**" . . . .[27]
>
> Defendant places unsolicited calls to consumers' phones . . . from several numbers, including (469) 606-5167. . . This phone number is for **caroffer.com**."[28]
>
> Defendant's own website promotes its product as . . . http://blog.**caroffer**.com/how-it-works.[29]

Plaintiff continues to maintain his position that CarOffer made the alleged phone calls. Even after recent dispositive briefing on Plaintiff's failure to state a claim, Plaintiff filed his Second Amended Complaint and again reasserted that CarOffer was the entity that made the alleged phone calls. Plaintiff must be judicially estopped from taking a contrary position in response to the instant motion to dismiss.

Because Plaintiff is bound by his judicial admissions that CarOffer was the entity who placed the alleged phone calls,[30] Plaintiff's conclusory claims against Pearl are implausible and must be dismissed.

---

[26] *Id.* ¶ 18.

[27] Original Compl. ¶ 13, ECF No. 1 (emphasis added).

[28] *Id.* ¶¶ 12, 17 (emphasis added).

[29] *Id.* ¶ 13, n. 2 (emphasis added).

[30] *See Morales*, 947 F.2d at 769 ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them.").

### B. Plaintiff does not allege any indirect claim or theory of recovery against Pearl.

While Plaintiff has argued outside of his pleadings that he seeks to bring an alter ego claim against Pearl, the Second Amended Complaint does not indicate that Plaintiff intends to recover under any such claim.[31] It is not Pearl's or the Court's obligation to guess what theory of liability Plaintiff relies upon. Accordingly, in the instant Motion to Dismiss, Pearl does not address Plaintiff's purported but unalleged alter ego claim. Plaintiff had the burden to provide notice of his theory of recovery, and he simply failed to meet his burden.

### V. CONCLUSION & PRAYER

For the reasons above, Defendant Pearl Technology Holdings, LLC respectfully requests that the Court dismiss Plaintiff's claims against Pearl with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to relief.

Date: February 25, 2016

Respectfully submitted,

By: */s/ Walter A. Herring*
Walter A. Herring
Texas State Bar No. 09535300
wherring@munckwilson.com
Ted A. Huffman
Texas State Bar No. 24089015
thuffman@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: 972.628.3600
Telecopier: 972.628.3616

**COUNSEL FOR DEFENDANT PEARL TECHNOLOGY HOLDINGS, LLC**

---

[31] Pearl uses the term "alter ego" to include any alter ego claim, veil piercing claim, or any similar derivative theory of recovery.

## CERTIFICATE OF SERVICE

      This is to certify that on this 25th day of February, 2016, a true and correct copy of the foregoing document was served via the Court's Electronic Filing System on all counsel of record:

                                        */s/ Walter A. Herring*
                                        Walter A. Herring

683796