# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | | |
|---|---|---|---|
| VICTOR ZILBERMAN | § | | |
| | § | | |
| v. | § | | CASE NO. 4:15-CV-589 |
| | § | | Judge Mazzant |
| CAROFFER, LLC, and PEARL | § | | |
| TECHNOLOGY HOLDINGS, LLC | § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaitniff's Motion to Reopen Discovery and Extend Deadline to Respond to Defendant Pearl's Motion for Summary Judgment (Dkt. #88). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On October 17, 2014, Plaintiff filed his class action complaint against RedBumper, LLC ("RedBumper") in the Eastern District of New York alleging a single cause of action under the Telephone Consumer Protection Act (the "TCPA") (Dkt. #1). On January 23, 2015, RedBumper filed a letter requesting a pre-motion conference regarding its anticipated filing of a motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer venue to the Eastern District of Texas (Dkt. #8). The letter alleged that RedBumper had been wrongly named in the suits, as "the actions forming the basis for Plaintiff's cause of action were committed by CarOffer, LLC, ("CarOffer"), as separate and distinct entity that is not a party to this action." (Dkt. #8 at p. 2). RedBumper contended that its motion would "establish that CarOffer is a separate legal entity, with separate employees, selling different products to different customer basis," such that CarOffer's actions "[could] not provide the basis for the exercise [of] personal jurisdiction over RedBumper." (Dkt. #8 at p. 2).

Following Plaintiff's submission of a letter response (Dkt. #13), the district court granted the parties' request to conduct limited jurisdictional discovery on the grounds raise in RedBumper's letter (Dkt. #88 at p. 4). Following the district court's order, Plaintiff deposed RedBumper's Federal Rule of Civil Procedure 30(b)(6) representative, David White ("White") (Dkt. #88 at p. 4). Based on White's testimony, Plaintiff filed a joint letter with the district court stating that, based upon "the deposition transcript of RedBumper's Rule 30(b)(6) corporate designee," he believed "that a different company, CarOffer, LLC" was involved in the making of the prerecorded calls at issue, and that it, along with its parent company, Pearl Technology Holdings, LLC ("Pearl"), were liable for the alleged violations at issue (Dkt. #20). On April 28, 2015, Plaintiff filed an amended complaint, in which he added Pearl and CarOffer as party-defendants (Dkt. #24). On June 8, 2015, CarOffer filed for bankruptcy (Dkt. #27). CarOffer served the parties with a copy of its bankruptcy petition that same day (Dkt. #27).

On July 17, 2015, the case was transferred to this Court (Dkt. # 31; Dkt. #32). On November 6, 2015, the Court entered its scheduling order, which set Plaintiff's deadline to amend pleadings on February 2, 2016, and the parties' deadline to complete discovery as April 26, 2016 (Dkt. #49).

On January 20, 2016, Pearl moved to stay discovery and quash Plaintiff's requests, contending that the requests were "improper, premature, and/or overbroad." (Dkt. #55). On February 16, 2016, the Court denied Pearl's motion to stay discovery and ordered the parties to file dispositive motions by February 26, 2016 (Dkt. #65; Dkt. #66).

On February 26, 2016, Pearl filed its Motion for Summary Judgment (Dkt. #71). On March 7, 2016, Plaintiff moved to extend his summary judgment response deadline by twenty-one days (Dkt. #72), which the Court granted on March 14, 2016 (Dkt. #73). On April 4, 2016,

Plaintiff filed another motion for extension of time, in which he stated that he could not "present facts essential to justify [a summary judgment opposition]." (Dkt. #92 at pp. 3-4) (citing Dkt. #79 at p. 5). On April 27, 2016, the Court granted the extension, but at that time stated that "[n]o further extensions [would] be granted." (Dkt. #84).

On March 21, 2016, Plaintiff filed its Notice of Voluntary Dismissal of Defendant RedBumper, LLC (Dkt. #75), which the Court granted on April 14, 2016 (Dkt. #80).

On March 26, 2016, Pearl produced its Rule 30(b)(6) corporate designee, White. Following White's deposition, on March 31, 2016, Plaintiff issued a subpoena to Texas Capital Bank, N.A. ("Texas Capital") requesting the bank account records of Pearl's various subsidiaries, including CarOffer, with a return date of April 15, 2016 (Dkt. #88 at p. 7). On April 14, 2016, Pearl moved to quash the subpoena, in which Pearl contended that Plaintiff's requests were overbroad and sought information from subsidiaries that were not parties in the litigation (Dkt. #81). On April 29, 2015, Pearl moved to withdraw its motion, after the parties reached an agreement on the issue (Dkt. #86), which the Court granted on May 3, 2016 (Dkt. #87). Plaintiff received the requested bank account records from Texas Capital on May 2, 2016 (Dkt. #88 at p. 8).

On May 3, 2016, Plaintiff filed his Motion for Extension of Time to Complete Discovery and to Extend Deadline to Respond to Motion for Summary Judgment (Dkt. #88). On May 20, 2016, Pearl filed its response (Dkt. #92).

### LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Grant v. City of Hous.*, 625 F. App'x 670, 679 (5th Cir. 2015); *Cartier v. Egana of Switz. (Am.) Corp.*, No.

3:08-CV-0001-D, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009). To modify the scheduling order, a "party must demonstrate good cause and obtain the judge's consent." *Grant*, 625 F. App'x at 679. "To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline." *Id.*; *see S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). To demonstrate "good cause," the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013) (quoting *S & W Enters., L.L.C.*, 315 F.3d at 535).

In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the movant's reasons for failing to timely for leave to amend; (2) the importance of the amendment; (3) the prejudice that the respondent would suffer if the extension is allowed; and (4) the availability of a continuance to cure this prejudice. *S & W Enters.*, *L.L.C.*, 315 F.3d at 536. "The 'good cause' standard focuses on the diligence of the party seeking modification of the scheduling order." *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *2 (N.D. Tex. Oct. 13, 2009) (quoting *Forge v. City of Dall.*, No. 3-03-CV-0256-D, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004)). "If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that '[t]he court should freely give leave when justice so requires.'" *Id.* at *1 (quoting FED. R. CIV. P. 15(a)(2)); *see S & W Enters., L.L.C.*, 315 F.3d at 536.

## ANALYSIS

Plaintiff asserts that leave should be granted to reopen discovery and extend the deadline to respond to Pearl's pending motion for summary judgment because "Plaintiff learned for the

first time…[on] May 2, 2016[,] when Texas Capital Bank produced Caroffer, LLC's subpoenaed

bank records…that Defendant Pearl Technology Holdings, LLC [] and its officers knowingly

misrepresented important and material facts during discovery about its relationship with

RedBumper, LLC, the original party-defendant in [the] case, CarOffer, and the robocalls at

issue." (Dkt. #88 at p. 1).   Specifically, Plaintiff requests a four week period to conduct

additional limited discovery on the following issues:

> (i) RedBumper's Rule 30(b)(6) deposition, limited to matters pertaining to its
> relationship with Pearl, the services it performed for CarOffer, payments it
> received for those services, and the placement of the robocalls at issue, (ii) a
> second Rule 30(b)(6) deposition from Pearl (provided by somebody other than
> David White), limited to matter pertaining to its relationship with CarOffer and
> RedBumper, (iii) the deposition of David White regarding the truthfulness of his
> prior sworn statements (including those made in his two prior Rule 30(b)(6)
> depositions and in declarations he has submitted to the Court), and (iv) records
> from RedBumper and Pearl's bank accounts….

(Dkt. #88 at pp. 2-3).  Pearl argues that Plaintiff has been dilatory in requesting an extension with

the Court, the proposed discovery is not relevant to Pearl's pending motion for summary

judgment, and the extension would be prejudicial to Pearl (Dkt. #92).

The Court finds that there is good cause to reopen discovery for Plaintiff's limited

purpose and to extend Plaintiff's response deadline for Pearl's motion for summary judgment.

Plaintiff timely noticed Pearl's Rule 30(b)(6) depositions.  The facts show that despite being

diligent in pursing discovery, Plaintiff has been unable to discover the evidence giving rise to his

request for an extension until after the discovery deadline had already passed.  Therefore, the

first factor weighs in favor of Plaintiff.

Additionally, the importance of the information weighs in favor of granting Plaintiff's

motion.  The Court finds that the requested discovery is highly probative of Plaintiff's claims of

alter ego liability.  Additionally, the veracity of White testimony is extremely critical, as White's

testimony led to Plaintiff agreeing to dismiss RedBumper from the action. White has submitted several declarations in support in support of Pearl's motion to dismiss and Pearl's motion for summary judgment. Therefore, the Court finds that good cause exists for an extension of time to seek such important evidence. *See Cox v. Waste Mgmt. of Tex., Inc.*, 2011 WL 3875353, at *3 (S.D. Tex. Aug. 31, 2011) (granting extension when there were reasons for party to question the veracity of a declaration submitted in support of summary judgment, noting that "[i]t is extremely important for Defendants to test the truthfulness of the [] Declaration" as it contains the evidence that Plaintiff was improperly laid off and "clearly, Defendants are entitled to test thoroughly that evidence….. Moreover, the evidence developed through the requested discovery could be used for impeachment should [the declarant] testify at trial.").

Pearl asserts that the discovery extension is not relevant to their response to Pearl's motion for summary judgment, and "Plaintiff does not explain which deposition excerpts are purported lies, nor does he show that Mr. White's testimony conflicts with any undisputed facts." (Dkt. #92 at pp. 6-7). The Court has reviewed White's depositions, both as the 30(b)(6) corporate designee of RedBumper and as the 30(b)(6) corporate designee of Pearl, and finds that White's testimony contains inconsistencies, and Plaintiff should have the opportunity to determine the credibility of the statements. Because White's testimony contains information that would be relevant to Plaintiff's case, the second factor weighs in favor of granting Plaintiff's motion.

The Court also finds that the continuance would not cause Pearl any undue prejudice. Pearl argues that "Plaintiff's litigation tactics have run amok by continuously delaying proceedings and driving up costs to pursue non-viable claims against Pearl." (Dkt. #92 at p. 9).

Therefore, Pearl asserts that "Plaintiff's litigation tactics are improper and have prejudiced Pearl as a litigant and as a business." (Dkt. #92 at p. 10).

However, the Court finds that a short-continuance would not prejudice Pearl. The Joint Final Pretrial Order is not currently due until August 10, 2016, and the Final Pretrial Conference is set for September 21, 2016. Additionally, the dispositive motion deadline has already passed. Although the continuance will delay briefing on Pearl's motion for summary judgement, the Court finds that the additional costs are appropriate as discovery needs to be reopened to clarify issues and statements made by Pearl's corporate representative. Therefore, the third factor weighs in favor of Plaintiff.[1]

Therefore, the Court finds that Plaintiff's motion to reopen discovery and extend the deadline to respond to Pearl's Motion for Summary Judgment is granted. The discovery period will remain open until June 17, 2016. During that time, Plaintiff will have the opportunity to conduct limited discovery as to the following:

(i)     RedBumper's Rule 30(b)(6) deposition, limited to matters pertaining to its relationship with Pearl, the services it performed for CarOffer, payments it received for those services, and the placement of the robocalls at issue;

(ii)    A second Rule 30(b)(6) deposition from Pearl (provided by somebody other than David White), limited to matter pertaining to its relationship with CarOffer and RedBumper;

(iii)   The deposition of David White regarding the truthfulness of his prior sworn statements (including those made in his two prior Rule 30(b)(6) depositions and in declarations he has submitted to the Court); and

---

[1] As the Court has found that Pearl would not be prejudiced, the fourth factor does not apply. Therefore, the Court will not address the fourth factor, "the availability of a continuance to cure this prejudice." *See S & W Enters., L.L.C.*, 315 F.3d at 536.

(iv)    Records from RedBumper and Pearl's bank accounts.

Following the completion of the limited discovery period, Plaintiff has one week to respond to Pearl's motion for summary judgment, or until June 24, 2016.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Reopen Discovery and Extend Deadline to Respond to Defendant Pearl's Motion for Summary Judgment (Dkt. #88) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the discovery period in this case will remain open until June 17, 2016, to provide Plaintiff with the opportunity conduct limited discovery as discussed above in the Court's Order.

It is further **ORDERED** that the deadline for Plaintiff's response to Pearl's motion for summary judgment is continued for one week following the end of the discovery period, or June 24, 2016.

**SIGNED this 31st day of May, 2016.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE