**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **VICTOR ZILBERMAN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-00589-ALM |
| | § | |
| **CAROFFER, LLC, and PEARL** | § | |
| **TECHNOLOGY HOLDINGS, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

**AGREED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

Before this Court comes the Parties' Agreed Confidentiality Agreement and Protective Order ("Protective Order"). The Court finds that it is well-taken and should be GRANTED in its entirety.

WHEREAS, in an effort to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, and to protect the confidentiality of information, documents and material that the parties agree should be confidential, and the Court being fully advised in the premises; IT IS HEREBY ORDERED:

1. Discovery in this case will involve the production or disclosure of proprietary, commercial, business and trade secrets or other private, confidential information held by the parties or non-parties which documents shall be designated in good faith by the parties or non-parties and marked "Confidential" ("Confidential Information").

2. Any party or non-party claiming that any document, written discovery response, or tangible evidence constitutes or includes Confidential Information shall mark those portions of the material considered to be confidential (in such manner as will not interfere with the legibility

thereof).

3.   Confidential Information (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to: (a) the parties who are involved in this case; (b) attorneys for the parties who are engaged in the prosecution or defense of this matter, their partners, associates, assistants, clerical and support staff, and contract personnel retained by such attorneys' offices (such as document copying and coding services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this matter; (c) any court reporter who records the proceedings at depositions or hearings in this case; (d) independent experts, provided that the procedures described in Paragraph 8 have been followed; and (e) the Court and the staff of the Court. Confidential Information may be disclosed to persons listed in sub-paragraphs (a) through (d) only after such person has been shown a copy of this Protective Order and has been advised of the terms and operation of this Protective Order, and, if an independent expert, has executed an Agreement to be Bound by Protective Order attached as Exhibit "A," however, a Party who has produced its own Confidential Information may disclose such documents to any persons, with or without any conditions to such disclosure, as it deems appropriate.

4.   The Parties and all others to whom any Confidential Information is disclosed are ordered to maintain it in strict confidence, are ordered not to disclose such Confidential Information except in accordance with the terms of this Protective Order, and are ordered to use such Confidential Information solely for purposes of the prosecution or defense of this action. Any document or material so marked, and the Confidential Information contained therein, shall be held confidential in its entirety unless the producing party clearly indicates on the document that only a portion of the material is to be treated as confidential. All Confidential Information

produced by one party to another shall be carefully maintained by the recipient in secure facilities, and access to such Confidential Information shall be permitted only to persons entitled under the terms of this Protective Order.

5. In the event that any Party to this litigation takes issue at any stage of these proceedings at or before trial with such designation, such Party shall provide to the producing Party written notice of its disagreement with a designation. The Parties shall confer within seven (7) days to determine whether the dispute can be resolved without the need for Court intervention. If, after conferring, the dispute cannot be resolved by mutual agreement, the Party making the designation may seek a ruling on its designation by filing a motion with the Court within fourteen (14) days after the parties have conferred and not reached an agreement. The Parties agree that the hearing on the matter can be set by either Party and at the Court's earliest availability. In connection with the Court's review of the designation, the burden of establishing that the document contains a trade secret, confidential research, development, or commercial information, or personal and confidential information shall remain on the Party making the designation.

6. At any point during a deposition session in this case or within ten (10) business days of the completion of a deposition session, any party or non-party may claim that the deposition testimony responsive to a question or a line of questioning may constitute or include Confidential Information subject to this Protective Order, in which case that portion of the deposition, deposition transcript and all copies thereof shall be deemed so designated for ten (10) business days following receipt of the deposition transcript (or any portion thereof) by the party invoking this procedure. During this ten (10) business day period, the party invoking this procedure shall designate in writing specific pages of the transcript that such party has received

and claims to contain Confidential Information and shall circulate that designation to the other party (and, if applicable, any non-party who is entitled to receive copies of the transcript). Each party shall maintain a copy of such written statement with the transcript and each copy thereof in its possession, custody, or control. At the conclusion of the ten (10) day period, only the portions designated in writing or stated in the transcript shall be considered Confidential Information, whichever designated. For the purposes of this Paragraph, the delivery of an electronic version of a deposition transcript, which has not been edited by the court reporter, to counsel for a party shall not start the ten-day time period within which the parties must submit designations of Confidential Information. Any Information used as exhibits at a deposition shall be retained by the court reporter in a separate sealed envelope marked "Confidential — Subject to Protective Order." Any portion of a deposition which is designated during the deposition as Confidential Information shall be separately transcribed, and the court reporter shall place on the cover of the confidential portion of the deposition transcript a legend that denotes its Attorneys' Eyes Only or Confidential designation.

7. If any Discovery Material designated as "CONFIDENTIAL" are to be filed with the Court, it shall be the responsibility of the filing party to provide the designating party with three business days' notice of the intent to file material designated as "Confidential." It shall be the responsibility of the filing party to seek any temporary or permanent sealing orders pursuant to the local rules of the Eastern District of Texas. At the conclusion of this case, any materials filed with the Court under seal shall be returned to the designating party for disposition.

8. Confidential Information may be disclosed by counsel for a party to any independent expert with whom it is necessary for counsel to consult concerning aspects of this litigation. Before disclosing a producing party's Confidential Information to any independent

expert, counsel for the recipient who wishes to make such disclosure shall ensure that each such expert has received and executed an Agreement to be Bound by Protective Order. Each person signing an Agreement to be Bound by Protective Order thereby submits himself/herself to the jurisdiction of this Court for contempt and all other appropriate proceedings, during and after conclusion of this litigation, in the event of an alleged violation of this protective order. Counsel disclosing Information shall maintain a file of the acknowledgments signed by such experts for the purpose of complying with this Protective Order, which file shall be maintained for a period of at least two (2) years from the termination of this litigation.

9. The parties may at any time stipulate to a modification of this Protective Order or seek a modification by the Court without affecting the continuing validity of this Protective Order as to any other Confidential Information.

10. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information or material as confidential expressly consents to such disclosure, either in writing or on the record in this proceeding, or if the Court enters an order requiring or permitting such disclosure. Furthermore, this Protective Order shall not limit a producing party's use or disclosure of its own Information.

11. Failure to designate any information as Confidential Information in accordance with this Protective Order shall not preclude a party from filing a motion to designate such information as such Confidential Information, and each party retains the right to seek an amendment to this Protective Order. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to a request for discovery, nor shall it relieve any party of any obligation to produce information in the course of discovery.

12. Confidential Information produced subject to this Protective Order shall be used solely for the prosecution and the defense of this action, and shall not be disclosed except as permitted by this Protective Order.

13. The provisions of this Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court.

14. This Protective Order is entered for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in the process. Execution by the parties, submission of this Protective Order to the Court for approval and/or entry of this Protective Order shall not be construed as an agreement or an admission:

    a. that any material or information is, in fact, confidential;

    b. as admitting the correctness or truth of any allegation made or position taken with respect to any information or document; or

    c. as an admission of waiver, including waiver under any applicable rules of evidence, by any party.

15. This Protective Order shall be without prejudice to the right of any party or other person to (a) bring before the Court at any time the question of whether any particular document or information is Confidential Information, or whether its use or disclosure should be restricted; or (b) to present a motion to the Court to modify or vacate this Protective Order.

16. This Protective Order applies to all of the parties' Confidential Information produced in this action, regardless of whether such documents or information were produced prior to or after the entry of this Protective Order. To the extent that a receiving party has, prior to the entry of this Protective Order, disclosed documents that were produced to it without Confidential labels or designations, such past disclosure does not violate this Protective Order.

17. Upon evidence presented to the Court of a failure of any person to comply with

this Protective Order, the Court may consider appropriate sanctions including but not limited to the early surrender of all Confidential Information produced and/or all notes and copies arising from those documents/materials, and may order other sanctions, including contempt, as may be deemed appropriate.

18. Upon final termination of this action, by trial, settlement or otherwise (including any appeals), if no other disposition is agreed to, all Confidential Information provided hereunder, and all copies thereof, shall be returned to counsel for the party who produced such information or destroyed.

19. At the final termination of this litigation, by trial, settlement or otherwise (including any appeals), counsel shall supply opposing counsel with a list identifying by name, title and address each independent expert to whom any Confidential Information produced hereunder have been disclosed by any party or their counsel and the original of each executed Agreement to be Bound by Protective Order obtained.

20. This Protective Order shall bind and inure to the benefit of the parties to this litigation and any non-party which agrees to be bound by the terms of this Protective Order by executing an "Agreement to Be Bound by Protective Order." To the extent a non-party produces information and desires to invoke the protections of this Order and be subject to its obligations, it shall execute an "Non-Party's Consent and Agreement to Be Bound by Protective Order" attached hereto as Exhibit "B."

21. This Protective Order will remain in effect after conclusion of the lawsuit. The termination of this litigation shall not relieve any person to whom Information was disclosed from his or her obligations under this Protective Order. The Court shall retain continuing jurisdiction over the parties and any non-party bound by this Protective Order for the purpose of

enforcing this Protective Order's provisions.

**IT IS SO ORDERED.**

**SIGNED this 21st day of June, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**AGREED:**

By: */s/ Walter A. Herring*
 Walter A. Herring
 Texas State Bar No. 09535300
 wherring@munckwilson.com
 Ted A. Huffman
 Texas State Bar No. 24089015
 thuffman@munckwilson.com
 **MUNCK WILSON MANDALA, LLP**
 12770 Coit Road, Suite 600
 Dallas, Texas 75251
 Telephone: 972.628.3600
 Telecopier: 972.628.3616

 **COUNSEL FOR DEFENDANT**
 **PEARL TECHNOLOGY HOLDINGS, LLC**

By:/s/ *Ari Scharg*
 Rafey S. Balabanian (*Pro Hac Vice*)
 rbalabanian@edelson.com
 Ari J. Scharg (*Pro Hac Vice*)
 ascharg@edelson.com
 Alicia E. Hwang *(Pro Hac Vice*)
 ahwang@edelson.com
 EDELSON PC
 350 North LaSalle Street, Suite 1300
 Chicago, Illinois 60654
 Tel. (312) 589-6370
 Fax. (312) 589-6378

 W. Craft Hughes (TX Bar No. 24046123)
 craft@hughesellzey.com
 Jarrett L. Ellzey (TX Bar No. 24040864)
 Jarrett@hughesellzey.com
 HUGHES ELLZEY LLP
 2700 Post Oak Blvd., Suite 1120
 Houston, Texas 77056
 Tel. (888) 350-3931
 Fax. (888) 995-3335

 **COUNSEL FOR PLAINTIFF**
 **VICTOR ZILBERMAN**

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. My name is _____.

2. I have read the Agreed Confidentiality Agreement and Protective Order in the action styled *Victor Zilberman v. CarOffer, LLC and Pearl Technology Holdings, LLC,* Case No. 4:15-cv-589 (the "Action"), a copy of which has been provided to me.

3. I have been informed by _____, counsel for _____, that Confidential Information, as defined in the Agreed Protective Order, may be provided to me for purposes of conducting the Action.

4. I promise that I have not and will not divulge, or undertake to divulge to any person any Confidential Information shown or told to me except as authorized in the Agreed Protective Order. I further represent that I will not use any Confidential Information for any purpose other than the Action, and that at the termination of the Action, I will return all Confidential Information with which I have been provided, and copies thereof, to the counsel from whom I received such Confidential Information.

5. I will abide by the terms of the Agreed Protective Order.

6. For the purpose of enforcing the terms of the Agreed Protective Order, I hereby submit to the jurisdiction of the Court in the Action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2016.

By: _____

Name Printed: _____

# EXHIBIT "B"

## NON-PARTY'S CONSENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

1. My name is _____. I am the authorized representative of _____, a non-party that has produced or will produce documents in response to a subpoena or request for production in the below-described Action (the "Non-Party").

2. I have read the Agreed Confidentiality Agreement and Protective Order in the action styled *Victor Zilberman v. CarOffer, LLC and Pearl Technology Holdings, LLC,* Case No. 4:15-cv-589 (the "Action"), a copy of which has been provided to me.

3. As the authorized representative of the Non-Party, it desires to invoke the protections of the Agreed Confidentiality Agreement and Protective Order, thus allowing it to designate information as "Confidential" and be bound by its restrictions and obligations.

4. For the purpose of enforcing the terms of the Agreed Protective Order, the Non-Party hereby submits to the jurisdiction of the Court in the Action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2016.

By: _____

Name Printed: _____